PEOPLE, PLAINTIFF AND APPELLEE, *v.* LEBRÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of Section 328 of the Penal Code.

No. 1264.—Decided June 20, 1918.

AUTOMOBILE—COLLISION—THING OR OBJECT.—There might be some doubt from the evidence in a prosecution under section 328 of the Penal Code whether the machine collided first with the body of the prosecuting witness or with the wall, but there is no doubt from the evidence that a part, if not the greater part, of the injuries was due to the impact with the wall.

ID.—ID.—ID.—In the case of *People* v. *González,* 24 P. R. R. 577, this court held that a collision with a pedestrian was not the offense penalized by section 328 of the Penal Code; but in the present prosecution there was a collision with a thing or object causing injuries to the complaining witness and the proof tended to show negligence.

ID.—ID.—ID.—NOSCITUR A SOCIIS.—In trying to fix the intention of the legislature courts have frequently applied the doctrine of *noscitur a sociis* and this court has done so also, but there is no need for such aid in this case as it is clear that the legislature had in mind principally the negligence of a driver in permitting his car to collide with another object. The words "thing or object" both appear in the statute and there was no need of duplicating these words if the legislature only meant to cover some other moving object.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

At the hearing of this case we had serious doubts whether section 328 of the Penal Code, as finally amended in 1916, could be applied to the facts set up in the information, inasmuch as from a casual reading the said section appeared to cover only the cases of one moving vehicle colliding with another. The whole section, as amended, is as follows:

"Section 328.—Every conductor, engineer, brakeman, switchman,

or other person having charge wholly or in part of any railroad car, locomotive, automobile, train or steamboat, and any train dispatcher, telegraph operator, station agent, or other person wholly or in part charged with the duty of dispatching or directing the movements of any such car, locomotive, automobile, train or steamboat, who, through gross negligence or carelessness suffers or causes the same to collide with another car, locomotive, automobile, train or steamboat, or with any other object or thing whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years.

"If as a consequence of the collision, injury is suffered by any person, such conductor, engineer, brakeman, switchman or other person shall be punishable by imprisonment in jail for a maximum term of two years, or by a maximum fine of one thousand dollars, or by both penalties in the discretion of the court."

The facts were that the prosecuting witness and a companion were standing against the wall of a house in one of the streets of San Juan when the machine of the defendant collided with the wall and said prosecuting witness. There might be some slight doubt from the testimony of the eyewitnesses whether the machine collided first with the body of the prosecuting witness or with the wall, but there is no doubt that a part, if not the greater part, of the injuries was due to the impact with the wall. This clearly appears from the evidence of the medical expert. It is true that in *People v. González,* 24 P. R. R. 573, we said that a collision with a foot-passenger was not the offense denounced by said section 328, but in the present prosecution there was a collision with a thing or object producing injuries, namely, a wall, and the proof tended to show negligence.

In trying to fix the intention of the legislature courts have frequently applied the doctrine of *noscitur a sociis,* and we have done so also, but there is no need for such aid in this case as it is clear that the legislature had in mind principally the negligence of a driver in permitting his car to collide with another object. The words "thing or object" both appear in the statute, and there was no need of duplicating

these words if the legislature only meant to cover some other moving object. The word "object," if anything, tends to exclude the idea of a moving body. If a train dispatcher, who is specifically mentioned in the law, sent a train down a switch so that it collided with a shed, he would fall within the terms of the statute. The last section says that if as a result of the collision injuries are caused, the driver should be guilty, as well as in case of death, also tending to show that the principal thought of the legislature was a negligent collision. See for a parity of reasoning the case of *Harris v. American Casualty Co.*, 44 L. R. A. (N. S.) 70, where the court held that the striking of an automobile on the earth or on water was a collision with an "object."

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.